UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY E BLANDING,

       Plaintiff,                      CASE NO.:  17-cv-11191
                                            HON. LAURIE J MICHELSON
v.                                         MAG JUDGE ELIZABETH A. STAFFORD

CITY OF DETORIT, Officer Gary Pritt,
and Officer Tammy Kean

       Defendants.
_____

| | |
|---|---|
| DEANNA P. WALLER-BUNDY (P73566) | CHRISTINA V. KENNEDY (P68992) |
| Counsel for Plaintiff | **CITY OF DETROIT LAW DEPARTMENT** |
| 24001 Southfield Road – Suite 106 | Attorney for Defendant City of Detroit, only |
| Southfield, MI  48075 | 2 Woodward Avenue, Suite 500 |
| (248) 875-7720(P)/(877)757-1545(F) | Detroit, MI 48226 |
| deannabundy@yahoo.com | (313)237-5051(P)/(313)224-5505(F) |
| | kennedych@detroitmi.gov |

_____

### PLAINTIFF'S AMENDED COMPLAINT

**There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.**

Now comes the Plaintiff, Mary E. Blanding, by and through her attorneys and states as follows.

### Jurisdiction and Parties

    1.    The facts that give rise to this Complaint occurred in Wayne County, Michigan.

    2.    Plaintiff, Mary E. Blanding is an individual and resident of Oakland County, Michigan

    3.    Defendant, City of Detroit is a municipal corporation located in Wayne County,

Michigan and operates subject to the law and the constitutions of both the State of Michigan and the United States of America.

4. Defendants, Officer Gary Pritt and Officer Tammy Kean are citizens of the State of Michigan, and at all pertinent times worked and were employed as police officers by Defendant City of Detroit in Wayne County.

5. Defendant, Unknown Towing Company (Tow Company) was a company authorized to do business in the State of Michigan.

6. Defendant, Unknown Towing Employees or Agents (Tow Employees) were citizens of the State of Michigan, and at all pertinent times worked and were employed by Defendant Unknown Towing Company.

7. Defendant, O'Reilly Rancilio P.C. (OReilly Rancilio) is a professional services corporation which has its principal offices in City of Sterling Heights and doing business in Wayne County, Michigan.

8. Ally Financial Inc. (Ally), is a financial services corporation authorized to do business in Michigan.

9. The amount in controversy is greater than $25,000 exclusive of interests and costs.

## General Allegations

10. On or about March 19, 2015, Plaintiff was visiting a friend in the city of Detroit.

11. Plaintiff observed her vehicle being hoisted by a tow truck.

12. Plaintiff inquired of the tow driver and requested identification which was refused.

13. Based upon information and belief, the tow driver was contracted by O'Reilly Rancilio on behalf of Ally Financial to recover the vehicle.

14. Plaintiff requested to retrieve her personal belonging and that she be given a ride home.

15. Referencing paragraph 13, the tow driver allowed Plaintiff get her personal items from the vehicle and instructed Plaintiff to get into a white vehicle being driven by the two driver's partner.

16. Plaintiff entered the vehicle but subsequently requested to be let out after

becoming fearful as a result of the driver's erratic driving and behavior toward Plaintiff.

17. Referencing paragraph 15, while at a stop light at Livernois and Seven Mile Rd., Plaintiff was able to force her way out of the vehicle by putting vehicle in park and removing the keys from the ignition at which point Plaintiff exited the vehicle and ran for safety into a nearby barbershop and locked herself in the restroom.

18. Plaintiff came out of the restroom after being told that the police had arrived.

19. Referencing paragraph 17, the Police Officers, Gary Pritt and Tammy Kean, on the scene questioned, searched and arrested.

20. The Police Officers, Gary Pritt and Tammy Kean did not advise me as to why I was being arrested and one officer was overheard telling the other officer that the arrest was not proper and that whatever was going on was a civil matter.

21. Officer Tammy Kean was further overheard telling Officer Gary Pritt to make sure he put in his report that Plaintiff beat the driver of the white vehicle in the face even though there was no evidence of any physical altercation.

22. At the time of the arrest, Plaintiff advised the officers that she needed her medication and was denied access to same.

23. Referencing paragraph 21, after having been held for over 10 hours, Plaintiff was enventually examined by a Nurse who indicated that Plaintiff's blood pressure was dangerously high and that a doctor was being contacted relative to medication.

24. Referencing paragraph 22, the medication administered caused Plaintiff to suffer an adverse reaction.

25. Plaintiff was eventually released without on or about March 23, 2015 without any charges filed and the reports relative Plaintiff's arrest have been suppressed and concealed by the Police Department.

26. Plaintiff was detained and imprisoned because of deliberately false information.

27. The conduct of the Individual Police Defendants:

    a. Assaulted and used excessive force against Plaintiff
    b. Battered and used excessive force against Plaintiff
    c. Failed to provide protection to Plaintiff when she was in a helpless condition
    d. Failed to properly supervise other officers
    e. Failed to provide proper medical care to Plaintiff while in their care

    f. Intentionally caused serious emotional distress
    g. Wrongfully handcuffed, detained and/or arrested Plaintiff
    h. Wrongfully imprisoned Plaintiff

28. The conduct of the Tow Company Employees acting on behalf of or at the request of O'Reilly Rancilio and Ally Financial
    a. Assaulted Plaintiff
    b. Battered Plaintiff
    c. Intentionally caused serious emotional distress
    d. Wrongfully imprisoned Plaintiff

29. As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered injuries and damages including but not limited to:
    a. Economic damages, past and future
    b. Pain and Suffering, physical injury
    c. Loss of consortium society and companionship
    d. Fear, anxiety, humiliation and shame
    e. Serious emotional distress
    f. Cost of past and future medical

## COUNT I
## GROSS NEGLIGENCE
## (as to Police Defendants)

30. Plaintiff re-alleges all prior paragraphs.

31. Defendants owed Plaintiffs a duty of care including but not limited to a:

    a. Duty to provide protection for Plaintiff when she was in a helpless condition.
    b. Duty to not make Plaintiff's condition worse after taking her into their custody and control
    c. Duty to properly supervise other officer
    d. Duty to properly assure the safety of Plaintiff
    e. Duty to refrain from unlawful arrest and detention of Plaintiff
    f. Duty to provide accurate and full information in the reporting of the unlawful arrest and detention of Plaintiff

32. The actions of the Individual Police Defendants wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

33. The Individual Police Defendants' actions in acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

34. The Individual Police Defendants' actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

35. Under MCL 691.1407, citizens may maintain an action in tort against police officers whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his/her authority.

36. As a direct and proximate result of the Individual Police Defendants' actions, Plaintiff suffered injury and damages including, but not limited to those set forth in paragraph 29.

## COUNT II
## ASSAULT AND BATTERY AND FALSE ARREST
## (as to Police Defendants)

37. Plaintiff hereby re-alleges and incorporates by reference all prior paragraphs as though same were fully set forth herein.

38. Individual Police Defendants were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

39. The minor decision making involved in Individual Police Defendants' actions at all times relevant hereto were merely incidental to the execution of said Individual Police Defendants' ministerial-operational duties.

40. At all times relevant hereto, Plaintiff had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless, and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law and Michigan Constitution, by Individual Police Defendants.

41. At all times relevant hereto, Individual Police Defendants failed, notwithstanding their standard duty of due care to execute their said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous conduct. In a manner consistent with Michigan law, as follows, but not limited hereto:

    a. to act in good faith, while assaulting and battering Plaintiff;
    b. to act in good faith, while handcuffing, detaining and arresting Plaintiff based on knowingly, recklessly and/or grossly negligently false information;

42. Notwithstanding these duties, Individual Police Defendants, knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff in a manner violative of the Michigan Constitution and laws, by acting in bad faith and engaging in ultra vires conduct.

43. Notwithstanding these duties, Individual Police Defendants knowingly failed to fulfill their ministerial duties while on duty and acting in the course of their employment and/or authority, under color of law and pursuant to customs, policies and/or practices, wrongfully assaulted and battered Plaintiff, falsely arrested, imprisoned and detained Plaintiff, in bad faith.

44. Notwithstanding these duties Individual Police Defendants deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill their ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

    a. By assaulting and battering Plaintiff.
    b. By intentional unlawful offer of corporal injury to Plaintiff by force, or force unlawfully directed toward the person of Plaintiff, under circumstances which created a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact;
    c. By the willful and harmful or offensive touching of Plaintiff which resulted from an act intended to cause such contact;
    d. By wrongfully arresting, imprisoning, and detaining Plaintiff without probable cause, based on knowingly, recklessly and/or grossly negligently false information provided by Defendants

45. As a direct and proximate result of Individual Police Defendants aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiff was injured.

46. As a direct and proximate result of Individual Police Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including physical and mental pain and suffering, mental anguish, severe emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, medical complications and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, and any other damages listed in paragraph 29.

## COUNT III
## 42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS

47. Plaintiff hereby re-alleges and incorporates by reference all prior paragraphs as though same were fully set forth herein.

48. The Individual Police Officers Gary Pritt and Tammy Kean's actions were done in their individual capacities, and under color of state law.

49. The Individual Police Officers' actions violated clearly established rights of the Plaintiff including but not limited to:

    a. The right to be free from wrongful seizure, and use of excessive force (4th and 14th Amendments);
    b. The right to procedural and substantive due process and fair treatment during search seizure and/or arrest (4th, 5th and 14th Amendment).

50. As a direct and proximate result of the Individual Officers' actions, Plaintiff suffered injury and damages including those set forth in paragraph 29.

### COUNT IV
### MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF DETROIT
### UNDER 42 USC 1983

51. Plaintiff hereby re-alleges and incorporates by reference all prior paragraphs as though same were fully set forth herein.

52. At all times herein, Defendant City of Detroit, with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and moving force in violations of the Plaintiff's rights under the United sTates Constitution:

    a. Routinely pursuing and allowing wrongful arrest and detention when it was known they lacked probable cause;
    b. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officer employed by the Defendant City;
    c. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary basis for use of force and/or arrest.
    d. Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendant City knew or had actual notice of using excessive force and arresting without probable cause;
    e. Failing to intervene when it knew of improper excessive force and/or wrongful arrest;
    f. Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing use of excessive force and/or arrest without probable cause; and
    g. Routinely failing to comply with federal consent decrees and other court orders requiring proper use of force and arrest with probable cause and continuation of prosecution requiring probable cause.

53. Each of the aforementioned customs, policies, practices was known to Defendant city as highly likely and probable to cause violations of the United States constitutional rights of Plaintiff and other individuals subject to continued prosecution without probable cause, and each was a moving force in the violations of the Plaintiff's United States constitutional rights, as set forth herein.

54. As a direct and proximate result of the actions taken by the Defendants, as discussed more fully above, the Plaintiff has suffered severe damages, including but not limited to:

    a. Psychological harm, past and future;
    b. Degradation, humiliation, embarrassment, indignation, outrage, shame, fear, anxiety, l;oss of reputation, emotional distress, loss of enjoyment o flife, and past and future mental anguish;
    c. Pain and suffering due to physical injury;
    d. Loss of consortium, companionship and aide; and,
    e. Economic loss
    f. Attorney fees an dcosts allowable under 42 USC 1988

## COUNT V
## ASSAULT and BATTERY
## (as to Tow Company and Employees)

55. Plaintiff hereby re-alleges and incorporates by reference all prior paragraphs as though same were fully set forth herein.

56. Defendant Tow Employees threatened and placed Plaintiff in imminent fear of bodily injury and harm.

57. Defendants had the apparent ability to carry out the act if not prevented.

58. The act was not prevented, and Defendants willfully and intentionally drove their vehicle in a manner which caused Plaintiff to be violently jostled around and injured.

59. As a direct and proximate result of Defendant's assault and battery, Plaintiff suffered injury and damages including but not limited to those set forth in paragraph 29.

## COUNT VI
## FALSE IMPRISONMENT
## (as to Tow Driver and Tow Company)

60. Plaintiff hereby re-alleges and incorporates by reference all prior paragraphs as

though same were fully set forth herein.

61. Defendants deprived Plaintiff of her personal liberty and freedom of movement by refusing to allow Plaintiff to exit the vehicle when asked, all with the intention of confining Plaintiff.

62. Plaintiff was conscious of her confinement at all times relevant hereto.

63. Defendants' actions directly resulted in the actual confinement of Plaintiff.

64. The imprisonment and restraint were against Plaintiff's will.

65. Defendants accomplished the imprisonment and restraint by actual physical force, and the deprivation of Plaintiff's liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

66. As a direct and proximate result of Defendants' false imprisonment, Plaintiff has suffered injury and damages including but not limited to those set forth in paragraph 29.

## COUNT VII
## CONCERT OF ACTION
## (as to O'Reilly Rancilio and Ally Financial)

67. Plaintiff hereby re-alleges and incorporates by reference all prior paragraphs as though same were fully set forth herein.

68. At all times relevant, several or all Defendants engaged in the described concerted activities by express or implied agreement.

69. As a direct and proximate result of Defendants' concerted activites, Plaintiff has suffered injury and damages including but not limited to those set forth in paragraph 29.

70. Due to the concert of action among all of the various Defendants, each is liable to Plaintiff for these injuries and damages even if there was no actual conduct by that particular Defendant.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (as to All Defendants)

71. Plaintiff hereby re-alleges and incorporates by reference all prior paragraphs as

though same were fully set forth herein.

72. Defendants' conduct as outlined above was intentional.

73. Defendants' conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

74. Defendants' conduct as outlined above was for an ulterior motive or purpose.

75. Defendants' conduct resulted in severe and serious emotional distress.

76. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in the manner outlined above.

**WHEREFORE,** Plaintiff request a judgment against all Defendants in whatever amounts Plaintiffs are found to be entitled, together with attorney fees, costs and interest.

Respectfully Submitted,

Dated:  August 25, 2017                             /s/ Deanna P. Waller-Bundy
                                                    Deanna P. Waller-Bundy P73566
                                                    Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a Trial by Jury.

Dated: August 25, 2017                              /s/ Deanna P. Waller-Bundy
                                                    Deanna P. Waller-Bundy P73566
                                                    Attorneys for Plaintiff